IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01817-PSF-CBS

KEITH VOGT, and
THOMAS SATHER,
        Plaintiffs,
v.

PEAK PERFORMANCE TECHNOLOGIES, INC.,
LAWRENCE G. SCHEIRMAN,
GERALD LEE SCHEIRMAN,
DOUGLAS ANDERSON,
THOMAS MOORE,
MIA SCOTT,
STEPHEN MURRAY,
MEDICAL SIMULATION CORPORATION,
DAVE WILSON,
DICK SANDER,
WILLIAM YOUNKES,
COLORADO BAR ASSOCIATION,
JP MORGAN CHASE & CO.,
ARGUS HEALTH,
WALGREEN CO.,
BLUE CROSS OF CALIFORNIA,
BLUE SHIELD OF CALIFORNIA,
TOYOTA MOTOR SALES USA INC.,
AUTONATION,
STEVE LODHOLM,
DEREK VANDERRYST,
ADT SECURITY,
STATE OF COLORADO,
CITY AND COUNTY OF DENVER,
MICHAEL JOYCE, in his capacity as Denver City attorney,
INTERNAL REVENUE SERVICE,
KEITH ZOELLNER,
QUALITY DENVER, LLC,
PATRICK W. PINSON,
LEVI TRUJILLO,
MBNA AMERICA BANK, N.A., and
MBNA CORPORATION,
        Defendants.

1

_____

ORDER
_____

Magistrate Judge Craig B. Shaffer

This civil action came before the court on January 31, 2006 for a status

conference.  Pursuant to the General Order of Reference dated September 30, 2005

(doc. # 4) and the memoranda dated October 21, 2005 (doc. # 23), November 2, 2005

(doc. # 39), November 3, 2005 (doc. # 47), November 7, 2005 (docs. # 58 and # 59),

November 8, 2005 (docs. # 56 and # 57), November 9, 2005 (docs. # 63, # 64, and #

65), November 18, 2005 (doc. # 74), and January 24, 2006 (doc. # 85), the motions

addressed below were referred to the Magistrate Judge.  The court hereby

incorporates by reference the proceedings held in open court on January 31, 2006.

At a hearing held on December 5, 2005, the court granted Plaintiff Vogt's oral

motion to file an amended complaint.  The Amended Complaint (doc. # 82) was filed on

January 20, 2006.  The Amended Complaint omitted Sather from the caption.  The

Amended Complaint also omitted some of the Defendants named in the original

Complaint, *e.g.*, Agency of Credit Control, Inc., John W. Suthers, Apollo Credit Agency,

Inc., Brian D. Milligan, Esq., 1776 Race L.L.C., Chase Manhattan Bank USA, N.A., and

Darling, Bergstrom & Milligan, P.C., and Martin J. Hecker.  The Amended Complaint

supersedes the original complaint, rendering it of no legal effect and waiving all causes

of action alleged in the original complaint but not alleged or incorporated into the

amended complaint.  *See Davis v. TXO Production Corp.*, 929 F.2d 1515, 1517 (10th

Cir. 1991) ("[i]t is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect") (internal quotations marks and citations omitted); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (original complaint that was not incorporated into pro se litigants' unsolicited amended complaint was properly ignored); *Davenport v. Saint Mary Hospital*, 633 F. Supp. 1228, 1239 (E.D. Pa. 1986) (court declined to address issue plaintiff did not allege in amended complaint that superseded original complaint); *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985) (an amended complaint supersedes a prior complaint "unless the amended complaint specifically refers to or adopts the earlier pleading"); 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended . . . supersedes the pleading it modifies. . . .  Once an amended pleading is interposed, the original pleading no longer performs any function in the case. . . .").

On January 20, 2005, Plaintiff Sather filed his "Motion to Dismiss Plaintiff Sather," seeking "to dismiss his claims and no longer list Sather as a co-plaintiff in this case." (*See* doc. # 84 at ¶ 1).  "Rule 41(a)(1) provides that 'an action may be dismissed by the plaintiff without order of court (I) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment.' " *Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003).  "The filing of a notice of dismissal pursuant to Rule 41(a)(1)(I) does not require an order of the court." *Janssen*, 321 F.3d at 1000 (citation omitted).  *See also Marex Titanic, Inc. v. The Wrecked & Abandoned Vessel*, 2 F.3d 544, 546 (4th Cir. 1993) (stating voluntary

dismissal is "self-executing, *i.e.,* it is effective at the moment the notice is filed with the clerk and no judicial approval is required").  While Defendants have filed various motions, no Defendant has filed an answer.  Only Defendant Agency of Credit Control, Inc. filed a motion in the alternative for summary judgment.  As Defendant Agency of Credit Control, Inc. has been omitted from the Amended Complaint, it is no longer a Defendant in this case and its motion is moot.  Thus, the "Motion to Dismiss Plaintiff Sather" may properly be treated as a notice of dismissal pursuant to Rule 41(a)(1)(I), voluntarily dismissing Plaintiff Sather from this civil action.

Accordingly, IT IS ORDERED that:

1.      Defendant Agency of Credit Control, Inc.'s Motion to Dismiss Plaintiffs' Complaint Pursuant to Fed. R. Civ. P. 12(b)(1), or in the Alternative for Summary Judgment (filed October 13, 2005) (doc. # 12) is MOOT.

2.      Defendant Thomas Moore's Motion to Dismiss Party (filed October 18, 2005) (doc. # 17) is MOOT.

3.      Defendant John W. Suthers and State of Colorado's Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim for Relief (filed October 21, 2005) (doc. # 22) is MOOT.

4.      The Motion to Dismiss Claims Against Defendant Apollo Credit Agency Pursuant to F.R.C.P. Rule 12(b)(1) and (6), or in the Alternative, Motion for More Definite Statement as to Claims Against Apollo Credit Agency and Motion to Separate Trials (filed November 1, 2005) (doc. # 32) is MOOT.

5.      The Motion to Dismiss filed by Defendants Brian D. Milligan, Esq., and

Darling, Bergstrom & Milligan, P.C. on November 3, 2005 (doc. # 41) is MOOT.

6.      Defendant Argus Health Systems, Inc.'s Motion for Extension of Time to Answer or Otherwise Respond to the Complaint (filed November 7, 2005) (doc. # 50) is MOOT.

7.      Defendant Martin J. Hecker's Motion to Dismiss Pursuant to F.R.C.P. 12(b)(1) and F.R.C.P. 12(b)(6) (filed November 7, 2005) (doc. # 52) is MOOT.

8.      Defendant 1776 Race L.L.C.'s Motion for Extension of Time to Respond to Complaint (filed November 7, 2005) (doc. # 53) is MOOT.

9.      Defendant Chase Manhattan Bank USA, N.A.'s Motion for Enlargement of Time in Which to Respond to the Complaint (filed November 7, 2005) (doc. # 54) is MOOT.

10.     Defendant Autonation, Inc.'s Motion to Dismiss Plaintiff's Seventy-Third Cause of Action Pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6) (filed November 8, 2005) (doc. # 60) is MOOT.

11.     Defendant Stephen Murray, D.D.S.' Motion to Dismiss (filed November 9, 2005) (doc. # 62) is MOOT.

12.     Defendant Argus Health Systems, Inc.'s Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (filed November 17, 2005) (doc. # 73) is MOOT.

13.     The "Motion to Dismiss Plaintiff Sather" (filed January 20, 2006) (doc. # 84) shall be treated as a notice of dismissal pursuant to Rule 41(a)(1)(I), voluntarily dismissing Plaintiff Sather from this civil action.

14.     Vogt may file a Second Amended Complaint **no later than 5:00 p.m. on**

**Friday, February 10, 2006.**

15.     Defendants may answer or otherwise respond to the Second Amended

Complaint pursuant to the Federal Rules of Civil Procedure.


DATED at Denver, Colorado, this 2nd day of February, 2006.


BY THE COURT:



*s/Craig B. Shaffer*
United States Magistrate Judge